page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAMARA MARIE SHAFER**,<br><br>      Plaintiff,<br><br>      v.<br><br>**CAROLYN W. COLVIN**,<br>Commissioner of Social Security,<br><br>      Defendant. | Case No. 6: 14-cv-01759-SI<br><br>**OPINION AND ORDER** |

Kathryn Tassinari and Robert A. Baron, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, Interim United States Attorney, and Janice E. Hebert, Assistant Unites States Attorney, 1000 Southwest Third Avenue, Suite 600, Portland, OR 97201-2902; Sarah Elizabeth Moum, Social Security Administration Office of the General Counsel, 701 5th Avenue, Suite 2900, Mailstop 221A, Seattle, WA 98104-7075; Jordan D. Goddard**,** Social Security Administration Office of the General Counsel, 701 Fifth Avenue, Suite 2900, Mailstop 221A, Seattle, WA 98104-7075. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Tamara Marie Shafer ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income Benefits ("SSI"). For the following reasons, the Commissioner's decision is REVERSED and this case is REMANDED for an award of benefits.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A.  Plaintiff's Application**

Plaintiff, 36, protectively filed an application for SSI on March 7, 2011, alleging disability beginning on June 17, 1996. AR 155. Plaintiff alleges disability due to arachnoiditis, spinal stenosis, fibromyalgia, and degenerative disk disease. AR 176. The Commissioner denied

PAGE 2 – OPINION AND ORDER

Plaintiff's application initially on April 21, 2011, and upon reconsideration on August 3, 2011. AR 1-6. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 125. An administrative hearing was held on May 9, 2013. The ALJ found Plaintiff not disabled. AR 43. After consideration of new evidence, the Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-4. Plaintiff now requests judicial review of that decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous

PAGE 3 – OPINION AND ORDER

        period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

PAGE 4 – OPINION AND ORDER

(describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ applied the sequential process. AR 20-31. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date. AR 20. At step two, the ALJ concluded that Plaintiff suffers from the following severe impairments: meningitis, chronic arachnoiditis, and chronic diarrhea. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the specific impairments listed in the regulations. *Id.*

The ALJ then determined that Plaintiff had the RFC to perform a limited range of work. *Id.* According to the RFC, Plaintiff could perform sedentary work, lift and carry ten pounds occasionally and five pounds frequently, and stand or walk for two hours and sit at least six hours in an eight-hour workday. AR 20-21. Additionally, under the RFC, the ALJ determined that Plaintiff "must be afforded the opportunity to change positions between sitting and standing as needed . . . ." AR 21. Under the RFC, Plaintiff is able to frequently climb, but can never climb ladders, ropes, or scaffolds. *Id.* Additionally, Plaintiff can frequently kneel, crouch, crawl, but should avoid exposure to hazards such as unprotected heights and moving machinery. *Id.* Plaintiff has the ability to perform detailed, but uninvolved written or oral instructions. *Id.* Finally, the ALJ concluded in the RFC that Plaintiff should only have work that can be discontinued on an urgent basis with access to a bathroom, and with no work outdoors. *Id.* Under step four, the ALJ determined that Plaintiff was incapable of performing past relevant work.

PAGE 5 – OPINION AND ORDER

AR 30. Finally, at step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 30-31.

## DISCUSSION

### A. Dr. Kosek's Medical Testimony

Plaintiff argues that the ALJ improperly discounted medical evidence by Dr. Peter Kosek, M.D. Although the ALJ gave Dr. Kosek's medical reports "significant weight," the ALJ rejected "the implication that [Plaintiff] has such variable pain that she must rest, or might miss entire days of work each month . . . ." AR 27

An ALJ may properly reject a treating physician's uncontradicted medical opinion only for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). When the treating physician's opinion has been contradicted, however, it may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830-31). An ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence stating his interpretation thereof, and making findings. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, Dr. Alley's records contradict Dr. Kosek's medical testimony. Although much of Drs. Alley and Kosek's testimonies corroborate each other, the testimonies disagree on the material issue of Plaintiff's functional limitations in the workplace. Thus, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record" in discounting Dr. Kosek's opinion. *Carmickle*, 553 F.3d at 1164. The ALJ gave three reasons for discounting Dr. Kosek's testimony: (1) Dr. Kosek's medical assertions were inconsistent with the diagnostic record; (2) Dr. Kosek completed a "check box" form provided by Plaintiff's attorney; and (3) Dr. Kosek's opinion regarding Plaintiff's need to recline was "not specified"

PAGE 6 – OPINION AND ORDER

and "might" be accommodated within regular work breaks. AR 27. The Court finds that these are not specific and legitimate reasons supported by substantial evidence.

### 1. Inconsistency with the medical record

The first reason provided by the ALJ for discrediting Dr. Kosek is that his assertions that Plaintiff would need to lie down periodically and miss more than two days of work per month were inconsistent with the diagnostic record, including Dr. Kosek's own chart notes. AR 27. The ALJ noted that Dr. Kosek's records indicate that Plaintiff was "stable" and "doing well with effective pain control." *Id.* The ALJ further noted that Dr. Kosek's records contain no indication of a variation in Plaintiff's condition that would justify the absences Dr. Kosek opined would result from Plaintiff's impairments, that Dr. Kosek found Plaintiff to be neurologically intact, and that Dr. Kosek recommended Plaintiff exercise.

Plaintiff suffers from chronic arachnoiditis[1] and has had a medicinal pump in place in her spine since 2005. Although Plaintiff reported to Dr. Kosek that she was "stable" and "doing well" and Dr. Kosek noted that Plaintiff's pump medication was "effective," at those same visits and others Plaintiff reported that she had significant pain and functional limitations. *See* AR 248-49, 253, 257, 260, 265, 271-72, 281, 340-41, 344, 365, 389-90. Plaintiff also reported that her pain was exacerbated with activity, walking, standing, sitting, and cold, and improved when she was reclined. *See* AR 242, 246, 251, 253, 288, 321, 328, 340-41, 344, 365, 388-89. The ALJ may not "selectively analyze" the evidence. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The evidence shows that Plaintiff was "stable" at a low-functioning level. Additionally, Plaintiff's reports throughout her treatment with Dr. Kosek show that her symptoms waxed and waned, with her pain generally varying from a level five to a level eight.

---

[1] Arachnoiditis is an inflammatory condition of one of the membranes that surround and protect the nerves of the spinal cord.

PAGE 7 – OPINION AND ORDER

*See* AR 242-97, 320-74. Thus, Dr. Kosek's conclusions that Plaintiff would need to recline throughout the day and that her symptoms would be worse on some days, requiring her to miss work, than other days are not inconsistent with Dr. Kosek's chart notes and other records.

The fact that Dr. Kosek encouraged Plaintiff to engage is some exercise is not inconsistent with his opinion regarding her need to periodically recline and that she would miss a few days of work per month. Dr. Kosek recommended paced exercise to help with Plaintiff's muscle spasms. AR 336. Such a recommendation is not inconsistent with Dr. Kosek's other opinions. Plaintiff would sometimes go swimming. AR 188. She had "a hard time" performing other exercises intended to strengthen her back due to her pain. AR 221. The ability to do some exercise, particularly swimming, is not an indication that a claimant can sustain work. *See* V*ertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("In addition, activities such as walking in the mall and swimming are not necessarily transferable to the work setting with regard to the impact of pain. A patient may do these activities *despite* pain for therapeutic reasons, but that does not mean she could concentrate on work despite the pain or could engage in similar activity for a longer period given the pain involved." (emphasis in original)). Accordingly, the fact that Dr. Kosek recommended "paced exercise" is not a specific and legitimate reason to discount his testimony.

Finally, the fact that Dr. Kosek found Plaintiff to be neurologically intact is not inconsistent with Dr. Kosek's other opinions. Pain is often not "supported by objective evidence because, as the Commissioner's own regulations recognize, pain is 'subjective and difficult to quantify.'" *Potter v. Comm'r of Soc. Sec.*, 571 F. App'x 569, 571 (9th Cir. 2014) (quoting 20 C.F.R. § 404.1529(c)(3)). The Ninth Circuit has "held that an ALJ cannot require objective evidence 'for a disease that eludes such measurement.'" *Id.* (quoting *Benecke v. Barnhart*, 379

F.3d 587, 594 (9th Cir. 2004), and noting that although *Benecke* was discussing fibromyalgia, it applies in other contexts where pain is at issue because "the disabling symptom—pain—is the same"). Further, the record does show some neurological involvement with decreased sensation noted by Dr. Kosek and Dr. Andrew Kokkino, a neurosurgeon. *See* AR 289, 305-06, 352.

### 2. "Check-box" form

The ALJ also discredited Dr. Kosek because his opinion was "responding to a check box [sic] provided by the claimant's representative, and gives no limitations in functional terms." AR 27. It appears the "check box" form cited by the ALJ is the prompted medical questionnaire completed by Dr. Kosek. AR 418-20. This questionnaire included substantive responses by Dr. Kosek and was not a simple "check box" form. In this questionnaire, Dr. Kosek reported his diagnosis of arachnoiditis, that Plaintiff's symptoms included back and bilateral leg pain, and that Plaintiff's MRI showed "clear nerve root clumping of arachnoiditis." AR 418-19. Additionally, Dr. Kosek reported that Plaintiff would have to lie down or rest periodically during the day "due to variations in pain," and that Plaintiff's medications caused sedation and cognitive impairment. AR 419-20. The fact that Dr. Kosek's opinions were in response to a questionnaire provided by Plaintiff's counsel is not a specific and legitimate reason to discount Dr. Kosek's opinion. Moreover, Dr. Kosek's responses were based on his significant experience in treating Plaintiff and were supported by Dr. Kosek's medical records and were therefore entitled to weight. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014).

### 3. Imprecise opinion regarding Plaintiff's need to recline

Dr. Kosek opined that Plaintiff would have to rest "periodically" due to variations in her pain. The ALJ noted that Dr. Kosek did not specify the amount of Plaintiff's need to lie down and speculated that Plaintiff's need to lie down "might" be accommodated with regular work breaks. AR 27. This speculation is not a specific and legitimate reason to discount Dr. Kosek's

PAGE 9 – OPINION AND ORDER

conclusion that Plaintiff would need to lie down periodically during the day and would miss more than two days per month as a result of her impairments.

Additionally, pain is often a symptom that waxes and wanes. Dr. Kosek's credibility is not undermined because he did not provide a specific number of minutes per day that Plaintiff would need to recline to ease her pain.

### 4. Conclusion

The ALJ did not provide any specific, legitimate reason to discount Dr. Kosek's credibility. Because the Court finds this error requires remand for an award of benefits, the Court does not reach Plaintiff's other arguments.

## B. Remand

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). It was recently described by the United States Court of Appeals for the Ninth Circuit:

> [The Ninth Circuit has] devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020.

Ordinarily, if all three of these elements are satisfied, a district court must remand for a calculation of benefits. *Id.* If, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the district court retains the "flexibility" to remand for further proceedings even when these elements are satisfied. *Id.* at 1021; *see also Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (remanding for further proceedings without analyzing whether the three factors are met "because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled"). Moreover, when remanding for further development of the record, the district court has the discretion to remand on an open record or with the directive that the claimant's testimony be credited as true. *See Burrell*, 775 F.3d at 1141 (observing that a court's "flexibility" includes the option to "remand on an open record for further proceedings") (citing *Garrison*, 759 F.3d at 1021).

Crediting Dr. Kosek's opinion as true, there are no outstanding issues left to resolve. At Plaintiff's hearing, the vocational expert testified that if a person misses two days of work per month or if a person needs to lie down outside of normal break times, that person is not

PAGE 11 – OPINION AND ORDER

employable. AR 86-87. Dr. Kosek opined that Plaintiff would miss more than two days of work per month and would need to "periodically" recline during the workday. Accordingly, based on the testimony of the vocational expert, Plaintiff is not employable and there would be no useful purpose in remanding for further proceedings.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is REVERSED, and this case is REMANDED for an immediate award of benefits.

**IT IS SO ORDERED**.

DATED this 23rd day of December, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 12 – OPINION AND ORDER